# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4568 | **DATE** | June 15, 2012 |
| **CASE TITLE** | Odell Starling (#2011-0324105) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff must pay the full statutory filing fee of $350 within fourteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff, in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff alleges that on March 19, 2012, he was knocked to the ground by an unidentified officer at the Cook County branch courthouse in Skokie. However, a review of the Court's docket reveals that Plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Starling v. Devine*, Case No. 02 C 6870 (N.D. Ill.) (September 25, 2002) (Andersen, J.); *Starling v. Chambers*, Case No. 05 C 5256 (N.D. Ill.) (September 14, 2005) (Conlon, J.); and *Starling v. Liberty Mutual Insurance Co.*, et al.**,** Case No. 09 C 5461 (N.D. Ill.) (September 3, 2009) (Dow, J.).

Plaintiff's current complaint and i.f.p. application do not allege that he is in imminent danger, as he alleges a single instance of excessive force on March 19, 2012. Neither the motion, nor the allegations in the complaint contain any allegations that might support a conclusion that Plaintiff is in imminent danger of any physical injury, serious or otherwise. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

**(CONTINUED)**

AWL

## STATEMENT

For the foregoing reasons, the Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  If Plaintiff fails to pay the $350 filing fee within fourteen days, the Court will enter judgment dismissing this case in its entirety.  *See* Local Rule 3.3(e) (N.D. Ill).